# In the United States Court of Federal Claims

No. 18-1577C
(Filed October 31, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
GERARD L. WEBB,                 *
                                *
              Plaintiff,        *
                                *
     v.                         *
                                *
THE UNITED STATES,              *
                                *
              Defendant.        *
                                *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

This case was filed *pro se* on September 28, 2018, by Gerard L. Webb as one of three complaints seeking various forms of government payment. In this case, Mr. Webb seems to allege that he was wrongly removed from the Supplemental Nutrition Assistance Program (SNAP) and that he should receive an "unlimited cash account" through SNAP. *See* Complaint (Compl.), ECF No. 1. The government filed a motion to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC). *See* Mot. to Dismiss (Def.'s Mot.), ECF No. 6. As Mr. Webb fails to state a claim for relief that falls within this court's jurisdiction, the government's motion to dismiss this case must be **GRANTED**.

## I. BACKGROUND

Plaintiff, a resident of New Jersey, filed his complaint on September 28, 2018. *See* Compl. In it, Mr. Webb states that he was "disconnected" from SNAP after intentionally concealing income information in order to qualify for enrollment in the program. *See id.*; *see also* Pl.'s Resp. to Def.'s Mot. at 1 (Pl.'s Resp.), ECF No. 9 ("I applied and lied through you[r] income limits, for receipt."). Mister Webb also complains that, while he was enrolled in the SNAP program, the roughly $40 in monthly benefits he received were "only sufficient for groceries and the few restaurants that accept snap" and that he received "no cash" from the program.

Compl. at 1. Plaintiff emphasizes that "$40, is not even 1% of what is needed to live without restriction moneywise." *Id.* As a result, Mr. Webb claims he should be awarded an "unlimited cash account" in order to satisfy his monthly food requirements, which he calculates to be "[$]200,000-[$]300,000 monthly for food within the NYC Area" and "a[n] unknown number" when including the cost of food consumed while travelling abroad. *Id.*

The government filed a one-paragraph motion to dismiss on November 26, 2018. In it, the government argues that Mr. Webb's claims fall outside the jurisdiction of this court and that they should therefore be dismissed pursuant to RCFC 12(b)(1) and RCFC 12(b)(6). Def.'s Mot. at 1. Specifically, defendant argues Mr. Webb's allegations are not based on any express or implied-in-fact contract or money-mandating statute that would allow for jurisdiction under the Tucker Act. *Id.* (citing 28 U.S.C. § 1491(a)(1); *Pagano v. United States*, No. 10-595C, 2010 WL 4032989, at *1 (Fed. Cl. Oct. 7, 2010)).

After noticing that Mr. Webb had failed to respond to the government's motion, and taking into account his *pro se* status, the Court permitted him to file a late response. Order (May 31, 2019). In his response, he argues that he should be awarded an "unlimited" amount of money because he was removed from SNAP and because, while enrolled in the program, SNAP did not cover all of his expenses. Pl.'s Resp. at 1–2. Plaintiff maintains that benefits should be adequate to cover meals at restaurants as well as drinks---estimating his capacity for the latter to exceed an incredible $10 million per month in volume. *Id.* at 1. Although he acknowledges that SNAP benefits are distributed by state officials, he notes that it is a federal program administered by the U.S. Department of Agriculture and financed by federal tax dollars. *Id.* Defendant filed a reply to Mr. Webb on July 31, 2019, briefly repeating the government's arguments from its motion to dismiss. Defendant's Reply (Def.'s Reply), ECF No. 10.

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering whether to grant a motion to dismiss a case for lack of subject-matter jurisdiction, our court will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (stating that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Though a *pro se* plaintiff's filings are to be held to a less stringent standard than filings drafted by a lawyer, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Schirripa v. United States*, 747 F. App'x. 847, 849 (Fed. Cir. 2018) (relying on *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018), this lenient standard will not spare claims from dismissal which fall outside this court's jurisdiction by failing to either establish a breach of contract by the federal government or identify a money-mandating law which was allegedly violated by the federal government. *See United States v. Bormes*, 568 U.S. 6, 9–11 (1983). This more lenient standard also does not remove a *pro se* litigant's obligation to demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining the plaintiff's responsibility for showing that the claim falls within the court's jurisdiction); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) (noting that a plaintiff's status does not excuse defects in the complaint); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that the burden of proof for establishing jurisdiction is by a preponderance of the evidence).

Even if a plaintiff asserts claims that fall within the court's jurisdiction, he must still present a valid claim on which the court can grant relief. *See* RCFC 12(b)(6). Notably, "[w]hen considering a motion to dismiss a case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court accepts all well-pled facts as true and draws all reasonable inferences in plaintiff's favor." *Silver Buckle Mines, Inc. v. United States*, 117 Fed. Cl. 786, 791 (2014) (citing *Scheuer*, 416 U.S. at 236; *Pixton*, 291 F.3d at 1326; *Englewood Terrace Ltd. P'ship v. United States*, 61 Fed. Cl. 583, 584 (2004)). Granting a motion to dismiss a case for failure to state a claim "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Denial of the motion is warranted when the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## B. Analysis

Plaintiff appears to contend that this court should award him an unlimited amount of money because he was denied SNAP benefits, seemingly due to his concealment of income when he applied for the program. *See* Compl. at 1. Though Mr. Webb is no longer enrolled in the program, he argues he should be awarded damages because the benefits he did receive while he was enrolled did not cover the entirety of his grossly overestimated living expenses. *See id.*

Mister Webb's claim of SNAP benefits does not fall within our court's jurisdiction. He does not allege the existence of any express or implied-in-fact contract with the United States or a money-mandating legal provision. *See* Compl. at 1–2; Pl.'s Resp. at 1–2. His complaint concerning SNAP benefits is that he

believes the program is not generous enough, not that any statute or regulation entitles him to more benefits than he received. But a claim for money damages under a federal program must identify a law or regulation that requires payments of a certain amount from the federal government to a party. *See United States v. Testan*, 424 U.S. 392, 397–98 (1976) (interpreting 28 U.S.C. § 1491(a)(1)). Plaintiff has not identified, and the Court is not aware of, any laws or regulations governing SNAP which mandate the payment of money damages by the federal government to program beneficiaries, and thus Mr. Webb's claim is not within our court's subject-matter jurisdiction. *See Pagano v. United States*, No. 10-595C, 2010 WL 4032989, at *1 (Fed. Cl. Oct. 7, 2010) ("This court lacks jurisdiction over claims seeking food stamps or monetary recoveries in lieu thereof, which claims, where allowed, are generally pursued through the state agency managing the relevant food stamp program."). Under the relevant statutory scheme, benefits are issued by state and local governments, not by the federal government. *See, e.g.*, 7 U.S.C. §§ 2013, 2020.

To the extent Mr. Webb is complaining about how SNAP is implemented by state and local governments, this court cannot hear the matter. We lack jurisdiction over claims made against states, municipalities, and other local government entities. As a general matter, "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014); *see also Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (explaining that this court cannot hear claims against "states, localities, state and local government officials, state courts, state prisons, or state employees."). Consequently, our court lacks jurisdiction to entertain Mr. Webb's claim and cannot grant the relief he seeks.

## III. CONCLUSION

Plaintiff contends that SNAP benefits are insufficient to cover his food and beverage expenses and seeks an award on this ground. But he has not identified any money-mandating federal legal provision that could support our jurisdiction. Thus, the government's motion to dismiss this case for lack of subject-matter jurisdiction under RCFC 12(b)(1) is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge